**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE HENRI STERN WATCH AGENCY, INC., <br><br> Plaintiff, <br><br> v. <br><br> AFC WATCHES, LLC and PIETRO VALSECCHI, <br><br> Defendants. | Civil Action <br><br> Case No.: 1:26-CV-5031 <br><br> **COMPLAINT FOR INTERPLEADER** |

Plaintiff, The Henri Stern Watch Agency, Inc. ("Plaintiff), by and through its undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1.      This is an interpleader action brought pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure.

2.      Plaintiff is in possession of property valued at greater than $500 (the "Timepiece") to which two Defendants claim the right of possession and ownership.

3.      Plaintiff seeks an Order permitting it to retain the Timepiece in its secure vault pending resolution of ownership by the Court and discharging Plaintiff from liability.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335, because two adverse claimants of diverse citizenship claim entitlement to possession of property valued at more than $500.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1397 because Plaintiff is located within this district and the Timepiece is currently located within this district.

## PARTIES

6.      Plaintiff, The Henri Stern Watch Agency, Inc., is a corporation organized under the laws of the State of New York with a principal place of business located at 45 Rockefeller Plaza, Suite 401, New York, New York 10111.

7.      Upon information and belief, Defendant AFC Watches, LLC ("AFC") is a limited liability company created under the laws of the State of Massachusetts with a principal place of business located at 333 Washinton Street, Suite 855B, Boston, Massachusetts 02108.

8.      Upon information and belief, Defendant Pietro Valsecchi ("Valsecchi") is a citizen of Italy and resides at Piazza Fontanella Borghese 1P, Rome, Italy.

## STATEMENT OF FACTS

9.      Upon information and belief, on February 6, 2014, Valsecchi purchased the Timepiece, which is a Patek Philippe Reference 5164A-001, bearing Movement Number 5717915 and Case Number 4621418. The Certificate of Origin is attached hereto as **Exhibit A**.

10.      On October 14, 2025, Valsecchi was the victim of an assault and robbery during which the Timepiece was stolen from Valsecchi.

11.      On the same day, Valsecchi reported the theft to the Italian authorities, specifically the 5th Section of the Rome Mobile Squad. The police report states that the Timepiece was stolen from Valsecchi's person. A copy of the police report is attached hereto as **Exhibit B**.

12.      Soon after the theft, Valsecchi notified Patek Philippe Geneve ("Patek Philippe") of the theft.

13.      Upon information and belief, on or about November 5, 2025, AFC purchased the Timepiece from Fly Watch of Guangzhou, China.

14.      On or about December 2, 2025, AFC sold the Timepiece to Govberg, Inc. ("Govberg"), a jeweler with many locations in the United States.

2

15.    After taking possession of the Timepiece, Govberg subsequently sent the Timepiece to Plaintiff in New York for service.  Plaintiff is the only authorized servicer in the United States for Patek Philippe watches.

16.    Following receipt of the Timepiece, Henri Stern performed a search of Patek Philippe's stolen property records and learned that the Timepiece had been reported stolen.  Henri Stern has a policy not to perform repair services on any watch reported as having been stolen.

17.    Valsecchi and Govberg were both notified that Henri Stern was in possession of the Timepiece, that the Timepiece had previously been reported as stolen and requested both parties to advise whether they maintained an entitlement to possession of the Timepiece.

18.    Counsel for Valsecchi sent a letter to Plaintiff notifying Plaintiff that the Timepiece was lawfully purchased by Valsecchi and requested the return of the Timepiece to Valsecchi.

19.    Upon information and belief, Govberg notified AFC that the Timepiece had been reported as stolen and received a refund of its purchase price from AFC.  Thereafter, AFC advised Henri Stern that it stood in Govberg's place and purportedly has an enforceable claim for the Timepiece and maintains that it is entitled to possession of the Timepiece.

20.    Valsecchi and AFC have each asserted claims to ownership and possession of the Timepiece.

21.    Plaintiff has no ownership interest in the Timepiece and holds it solely as a neutral stakeholder.

22.    Plaintiff faces the risk of multiple or inconsistent liability if it surrenders the Timepiece to one claimant, because the other claimant may assert a claim against Plaintiff for wrongful conversion.

23.    Plaintiff currently holds, and is willing to retain, the Timepiece in a secure location in New York pending this Court's resolution of the competing ownership claims.

**COUNT I**
**Interpleader Pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. Rule 22**
**(against all Defendants)**

24.    Plaintiff repeats and realleges the allegations set forth in the previous paragraph as if fully set forth herein.

25.    Plaintiff is in possession of the Timepiece, having been sent the Timepiece to perform repairs.  The Timepiece is currently held in Plaintiff's secure vault in New York City.

26.    Defendants have each represented and claimed that it is entitled to immediately possession of the Timepiece and has requested Henri Stern to turnover the Timepiece to that Defendant.

27.    The claims of Valsecchi and AFC are adverse to each other, as each asserts exclusive ownership and right to possession of the Timepiece.

28.    Plaintiff has no ownership claim to the Timepiece and seeks only for the Court to determine the rightful owner so that it may discharge its obligations as bailee.

29.    Plaintiff has no financial interest in the outcome of the ownership dispute between the claimants.

30.    Plaintiff is willing to retain the Timepiece in its secure facility located in New York pending determination of ownership.

31.    Plaintiff seeks to be discharged from all liability regarding the Timepiece upon delivery to the rightful owner as determined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Issue an order pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. Rule 22 permitting Plaintiff to retain the Patek Philippe Reference 5711/1A Timepiece (Movement Number 5725864, Case Number 4883445) in Plaintiff's secure vault pending determination of ownership by the Court;

B.      Issue an order pursuant to 28 U.S.C. § 2361 restraining Defendants AFC Watches, LLC and Pietro Valsecchi from instituting or prosecuting any proceeding in any state or federal court affecting the disputed Timepiece until this Court determines ownership;

C.      Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 determining which Defendant is the rightful owner of the Timepiece and entitled to possession;

D.      Order that the party determined by the Court to be the rightful owner be allowed to take possession of the Timepiece from Plaintiff at its New York offices;

E.      Discharge Plaintiff from all liability regarding the disputed Timepiece upon delivery to the rightful owner;

F.      Award Plaintiff its reasonable costs and attorneys' fees incurred in bringing this interpleader action; and

G.      Grant such other and further relief as the Court deems just and proper pursuant to 28 U.S.C. § 2202.

Respectfully submitted,

**GENOVA BURNS, LLP**

By:  _s/Michael H. Freeman_
Michael H. Freeman, Esq.
Trinity Centre
115 Broadway, 15th Floor
New York, NY 10006
Tel: 973.230.2096
Email: mfreeman@genovaburns.com

5

## CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:  June 15, 2026

**GENOVA BURNS, LLP**


By: _s/Michael H. Freeman_
Michael H. Freeman, Esq. 20057806v1
(26050.003)
Trinity Centre
115 Broadway, 15th Floor
New York, NY 10006
Tel: 973.230.2096
Email: mfreeman@genovaburns.com

6